UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------
BIENVENIDO J.P.,

                Plaintiff,         <u>DECISION AND ORDER</u>
                                     1:20-cv-09270-GRJ

     v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
-----------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

    In December of 2018, Plaintiff Bienvenido J.P.[1] applied for Disability

Insurance Benefits and Supplemental Security Income Benefits under the

Social Security Act. The Commissioner of Social Security denied the

applications in part.  Plaintiff, represented by Ny Disability, LLC, Daniel

Berger, Esq., of counsel, commenced this action seeking judicial review of

the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and

1383 (c)(3).  The parties consented to the jurisdiction of a United States

Magistrate Judge. (Docket No. 13).

    This case was referred to the undersigned on January 26, 2022.

Presently pending are the parties' Motions for Judgment on the Pleadings

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 18,

21). For the following reasons, Plaintiff's motion is granted, the

Commissioner's motion is denied, and this case is remanded for further

proceedings.

## I.  BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on December 14, 2018, alleging disability

beginning December 31, 2015. (T at 100-101, 128-29, 223-31).[2]  Plaintiff's

applications were denied initially and on reconsideration.  He requested a

hearing before an Administrative Law Judge ("ALJ").  A hearing was held

on January 27, 2020, before ALJ Raymond Prybylski. (T at 40). Plaintiff

appeared with an attorney and testified. (T at 48-68).  At the outset of the

hearing, Plaintiff's counsel amended the alleged onset date to December

28, 2017. (T at 45).  The ALJ received testimony from Linda N. Vause, a

vocational expert. (T at 69-74).

### B.    ALJ's Decision

On February 10, 2020, the ALJ issued a decision denying, in part, the

applications for benefits. (T at 12-38).  The ALJ found that Plaintiff had not

engaged in substantial gainful activity since December 28, 2017 (the

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 10.

amended alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 2018 (the date last insured). (T at 19). The ALJ concluded that Plaintiff's chronic obstructive pulmonary disease, status post left chest stabbing, status post rib fractures, status post left lobectomy for stage I malignancy; depressive disorder; and anxiety disorder were severe impairments as defined under the Act. (T at 19). However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equals one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 20).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: he can stand for 4 hours and walk for 2 hours in an 8-hour workday; occasionally stoop and climb ramps and stairs, but never climb ladders, ropes, or scaffolds; should avoid moderate exposure to extreme cold and concentrated exposure to respiratory irritants; and is limited to simple tasks in an environment with few, if any, workplace changes. (T at 22).

The ALJ concluded that Plaintiff could not perform his past relevant work as a construction laborer. (T at 28). The ALJ found, however, that considering Plaintiff's age (over 50 since the amended alleged onset date,

turning 55 shortly after the ALJ's decision), education (limited, but able to communicate in English), work experience, and RFC, there were jobs that existed in the national economy that Plaintiff could have performed prior to February 13, 2020 (the date of the ALJ's decision). (T at 29). The ALJ then concluded that, beginning with the date of his decision, Plaintiff's age category changed to reflect an individual of advanced age. (T at 30). Considering this age change, the ALJ found that there were no jobs that exist in significant numbers in the national economy that Plaintiff could perform as of the date of the decision. (T at 30).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act prior to December 31, 2018 (the date last insured) and was thus not entitled to disability insurance benefits. (T at 30). The ALJ further found that Plaintiff was not disabled, as defined under the Act, prior to February 13, 2020 (the date of his decision), but became disabled on that date (by virtue of the change in his age category) and was therefore entitled to benefits thereafter. (T at 30). The ALJ concluded that Plaintiff's substance abuse was not a contributing factor material to the disability determination. (T at 30). On September 14, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-4).

C.    *Procedural History*

Plaintiff commenced this action, by and through his counsel, by filing

a complaint on November 5, 2020. (Docket No. 1).  On August 13, 2021,

Plaintiff filed a motion for judgment on the pleadings, supported by a

memorandum of law. (Docket No. 18, 19).  The Commissioner interposed a

cross-motion for judgment on the pleadings, supported by a memorandum

of law, on November 5, 2021. (Docket No. 21, 22).  On November 8, 2021,

Plaintiff submitted a reply memorandum of law in further support of his

motion. (Docket No. 23).

## II.  APPLICABLE LAW

A.    *Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a

claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999).

The court's review is limited to "determin[ing] whether there is substantial

evidence supporting the Commissioner's decision and whether the

Commissioner applied the correct legal standard."  *Poupore v. Astrue*, 566

F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings,

which are considered conclusive if supported by substantial evidence. *See*

42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla"

and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.    *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last

for a continuous period of not less than 12 months ...." 42 U.S.C. §

423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a

five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec*., 994 F. Supp. 2d 496, 503

(S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v),

416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises two main arguments in support of his request for reversal of the ALJ's decision.  First, Plaintiff argues that the ALJ's assessment of the medical opinion evidence was flawed.  Second, he challenges the ALJ's credibility determination.  This Court will address both arguments in turn.

### A.    Medical Opinion Evidence

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence.

The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Because Plaintiff's applications for benefits were filed on December 14, 2018, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2).   The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more

relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

This Court will summarize each of the medical opinions at issue and then address whether the ALJ's analysis of those opinions is supported by substantial evidence and consistent with applicable law.

### 1.   Dr. Healy

Dr. Michael Healy performed a consultative examination in March of 2019.  Dr. Healy diagnosed chronic obstructive pulmonary disease; childhood asthma; status post resection of lung tumor, probable lobectomy left side 1-1/2 years prior, along with a stab wound to the chest, treated with bilateral chest tubes and assisted ventilation.  (T at 1084).  Dr. Healy assessed moderate limitation as to Plaintiff's ability to stand, walk, climb stairs, bend, lift, and/or carry. (T at 1084).  He characterized Plaintiff's prognosis as "guarded." (T at 1084).

The ALJ considered Dr. Healy's opinion "generally persuasive." (T at 27).  The ALJ found Dr. Healy's assessment supported by his examination findings and "not inconsistent with" the overall medical record. (T at 27).

### 2.   Dr. Schaich

Dr. David Schaich performed a consultative psychiatric evaluation in March of 2019.  Dr. Schaich diagnosed unspecified depressive disorder, unspecified anxiety disorder, panic disorder, and rule out posttraumatic stress disorder. (T at 1089).  He characterized Plaintiff's prognosis as "fair." (T at 1089).  Dr. Schaich assessed no limitation in Plaintiff's ability to understand, remember, and apply simple or complex directions and instructions; moderate limitation in interacting adequately with supervisors, co-workers, and the public; moderate limitation in his ability to regulate emotions, control behavior, and maintain well-being; and no limitation in sustaining an ordinary routine and regular attendance. (T at 1088).

The ALJ found Dr. Schaich's opinion "not entirely persuasive."  (T at 26-27).  The ALJ concluded that Dr. Schaich's assessment of moderate limitation in social interaction was not supported by the treatment record, including numerous mental status examinations describing Plaintiff as coherent and cooperative. (T at 26).  The ALJ also found Dr. Schaich's opinion inconsistent with Plaintiff's activities of daily living, presentation during the administrative hearing, and limited history of mental health treatment. (T at 26-27).

### 3.   *State Agency Review Physicians*

In April of 2019, Dr. A. Vinluan, a non-examining State Agency review physician, reviewed the then-available medical records.  Dr. Vinluan opined that Plaintiff could occasionally lift/carry 20 pounds; frequently lift/carry 10 pounds; stand/walk for about 6 hours in an 8-hour workday; sit for about 6 hours in an 8-hour workday; occasionally climb ramps, stairs, ladders, ropes, and scaffolds; perform limited left overhead reaching with; and should avoid even moderate exposure to respiratory irritants. (T at 87).  Dr. A. Saeed, another State Agency review physician, assessed the same limitations in July of 2019. (T at 111-13).

The ALJ found these assessments "mostly persuasive," but concluded that evidence developed after the State Agency review physicians supported additional limitations with respect to Plaintiff's ability to stand, walk, and endure extreme cold. (T at 27-28).

### 4.   *Dr. Murthy*

Dr. Shekar Murthy, Plaintiff's treating pulmonologist, completed a pulmonary impairment questionnaire in July of 2019.  Dr. Murthy reported that Plaintiff suffers from chronic obstructive pulmonary disease; stage 1 lung cancer, status post resection, with left-sided chest pain from surgery. (T at 1148).  He opined that Plaintiff was not a malingerer and could not sit,

stand, or walk for more than 1 hour in an 8-hour workday. (T at 1148, 1150). Dr. Murthy explained that Plaintiff's experience of pain, fatigue, and other symptoms would be severe enough to frequently interfere with his attention and concentration and would require unscheduled rest breaks at unpredictable intervals. (T at 1152).  He opined that Plaintiff was "not a good candidate for any type of job" and would likely be absent from work more than 3 times per month due to his impairments or treatment. (T at 1153).

The ALJ found Dr. Murthy's opinion unpersuasive. (T at 26).  The ALJ determined that Dr. Murthy's restrictive assessment was not supported by the treatment record or consistent with the evidence as a whole. (T at 26).

### 5.  Review of ALJ's Analysis

This Court finds material errors in the ALJ's analysis of the medical opinion evidence related to Plaintiff's physical limitations.

The ALJ cited medical evidence (including treatment notes, a lung pathology report, and pulmonary function studies) to the effect that Plaintiff's assault injuries, COPD, and cancer were successfully treated and/or managed and were therefore not consistent with Dr. Murthy's conclusions. (T at 26).  Notably, the ALJ failed to explain why his lay assessment of the lab reports and pulmonary function studies should

override the interpretation of the treating pulmonologist, who reviewed the same evidence and came to a contrary conclusion. *See Mackey v. Comm'r of Soc. Sec.,* 519 F. Supp. 3d 151, 153 (E.D.N.Y. 2021)("Such substitution of the ALJ's armchair views of medical evidence is clearly impermissible."); *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) ("T]he ALJ was not at liberty to substitute his own lay interpretation of that diagnostic test for the uncontradicted testimony of [the treating physician]"); *Amarante v. Comm'r of Soc. Sec.*, No. 16-CV-00717 (RJS) (BCM), 2017 U.S. Dist. LEXIS 146768, at \*33 (S.D.N.Y. Sep. 8, 2017)(remanding because ALJ "improperly assume[d] the mantle of a medical expert").[3]

   Further, the ALJ's conclusory reference to an alleged inconsistency between Dr. Murthy's assessment and the treatment history is insufficient considering the well-documented clinical findings of tenderness in the thorax area, shortness of breath, and significant chest pain. (T at 937, 969, 977, 988, 994, 1003, 1004, 1081, 1101). *See Jones v. Saul,* No. 19-CV-5542 (LGS) (BCM), 2020 U.S. Dist. LEXIS 167929, at \*37 (S.D.N.Y. Sep. 11, 2020)("[A]n ALJ may not 'cherry-pick' medical opinions, or selectively

---

[3] Although this caselaw was developed under the treating physician's rule, this Court sees no reason why the principle should not still apply under the revised rules.  The ALJ remains a layperson and should not "assume the mantle of a medical expert," whether he does so in the context of the treating physician's rule or when addressing the supportability and consistency of a medical opinion.

cite treating notes or diagnostic imaging that support the ALJ's own view while ignoring opinions and evidence that do not."); *see also Prieto v. Comm'r of Soc. Sec.,* No. 20-CV-3941 (RWL), 2021 U.S. Dist. LEXIS 147396, at *40 (S.D.N.Y. Aug. 6, 2021)(collecting cases).

Regarding Dr. Healy, the ALJ did not address adequately the consultative examiner's assessment of moderate limitation with respect to standing.  A moderate limitation with respect to standing may be inconsistent with the conclusion that Plaintiff can perform light work, particularly given the significant standing limitation assessed by Dr. Murthy and Dr. Healy's failure to specify the degree of limitation he intended by using the term "moderate." *See O'Connor v. Berryhill*, No. CV 16-4395 (ADS) (GRB), 2018 U.S. Dist. LEXIS 168280, at *37 (E.D.N.Y. Aug. 30, 2018)(ALJ could not rely on undefined assessment of "mild to moderate" limitation to support conclusion that claimant could perform light work); *see also Malone v. Comm'r of Soc. Sec*., No. 08-CV-1249 GLS/VEB, 2011 U.S. Dist. LEXIS 20349, 2011 WL 817448, at *10 (N.D.N.Y. Jan. 18, 2011) ("At a minimum, an assessment of moderate limitation suggests a possibility that prolonged standing might pose a problem."); *Carroll v. Colvin*, No. 13-CV-456S, 2014 U.S. Dist. LEXIS 88819, at *9 (W.D.N.Y. June 30, 2014)("Dr. Balderman's report is not the clean bill of health that the ALJ

suggests it is. Indeed, even Dr. Balderman, whose opinion received greater weight, found that Carroll suffered from moderate limitations in prolonged sitting and standing. This is not necessarily compatible with an ability to perform light work, as defined by the regulations.").

On the other hand, the Court concludes that the ALJ's consideration of Dr. Schaich's opinion, and assessment of Plaintiff's mental limitations, is supported by substantial evidence.

The record does not contain a more restrictive assessment from another mental health professional. The clinical examinations consistently described Plaintiff as cooperative, appropriate, and attentive (albeit suffering from some anxiety and depression); and Plaintiff engaged in a variety of activities. (T at 1118-19, 1124, 1127,1287-88).  Even assuming the ALJ should have found Dr. Schaich's opinion more persuasive, Dr. Schaich assessed no limitation as to many of the mental demands of basic work activity, including the ability to follow directions, sustain an ordinary routine, maintain attendance, and sustain concentration and perform a task at a consistent pace. (T at 1088).  Although Dr. Schaich found moderate limitation as to social interaction and emotional self-regulation, the ALJ's conclusion that Plaintiff was limited to simple tasks, with few (if any) workplace changes (T at 22), adequately accounted for those limitations.

*See Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010)("None of the clinicians who examined [claimant] indicated that she had anything more than moderate limitations in her work-related functioning, and most reported less severe limitations. Although there was some conflicting medical evidence, the ALJ's determination that Petitioner could perform her previous unskilled work was well supported."); *Martinez v. Comm'r of Soc. Sec.*, 2016 U.S. Dist. LEXIS 140088, at *48 (S.D.N.Y. Oct. 5, 2016)("[S]uch limitations in concentration, dealing with stress, and socialization have been found to be consistent with an RFC for unskilled work."); *Lee W. v. Comm'r of Soc. Sec.*, No. 1:20-CV-008-DB, 2021 U.S. Dist. LEXIS 78677, at *18 (W.D.N.Y. Apr. 23, 2021)("As such, unskilled work, by definition, already accounts for limitations in mental functioning, including limitations interacting with others and learning new tasks.").

In sum, the Court concludes that a remand is required for the ALJ to revisit the medical opinion evidence related to Plaintiff's physical limitations, in light of the flaws in the ALJ's analysis as outlined above. However, the ALJ's assessment of Plaintiff's ability to perform the mental demands of basic work activity is supported by substantial evidence and must be sustained.

*B.    Credibility*

A claimant's subjective complaints of pain and limitation are "an important element in the adjudication of [social security] claims and must be thoroughly considered in calculating the [RFC] of a claimant." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also* 20 C.F.R. § 416.929.

However, "the ALJ is … not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citations omitted). Rather, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record." *Id*. (citation omitted); *see also Henningsen v. Comm'r of Soc. Sec.*, 111 F. Supp. 3d 250, 267 (E.D.N.Y. 2015) ("The ALJ retains discretion to assess the credibility of a claimant's testimony regarding disabling pain and 'to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.'" (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979)).

The ALJ follows a two-step process in evaluating a claimant's credibility.  First, "the ALJ must decide whether the claimant suffers from a

medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier*, 606 F.3d at 49 (citation omitted).

Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id*. (citation, alterations, and quotation marks omitted). The ALJ must "consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, No. 13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184.

This inquiry involves seven (7) factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other

factors concerning the claimant's functional limitations and restrictions as a result of the pain. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

If the ALJ discounts the claimant's credibility, the ALJ "must explain the decision to reject a claimant's testimony "with sufficient specificity to enable the [reviewing] Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether [the ALJ's] decision is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010)(alterations in original, citations omitted).

In the present case, Plaintiff testified as follows. He completed tenth grade. (T at 49).  He has not worked since 2017. (T at 50).  His prior employment involved construction, requiring heavy lifting. (T at 51-54).  He was the victim of a robbery and stabbing in December of 2017. (T at 54-55).  He was treated for lung cancer, which was controlled as of the administrative hearing. (T at 57).  According to Plaintiff, breathing is difficult and causes severe pain. (T at 57-58, 59).  He says that he cannot walk half a block without using his inhaler. (T at 58).  Lifting is limited to 10-15 pounds. (T at 59-60).  He experiences leg cramps on the left side since the stabbing. (T at 60).  His mental functioning is "good enough to work," although his anxiety is "very severe." (T at 61-62). A brief attempt to work

as a cashier in 2018 was unsuccessful. (T at 65-66).  According to Plaintiff, breathing problems and chest pain prevent him from working. (T at 67-68).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but concluded that his statements concerning the intensity, persistence, and limiting effects of those symptoms were not fully credible. (T at 25).

This Court cocncludes that the ALJ's decision to discount the credibility of Plaintiff's subjective physical limitations must be revisited on remand.  The ALJ found Plaintiff's subjective complaints inconsistent with the "evidence as whole." (T at 23).  This finding is at odds with Plaintiff's complaints of significant breathing problems and chest pain, which are consistent with the opinion of Dr. Murthy, his treating pulmonologist. Further, Plaintiff's statements regarding limitations in prolonged walking are supported by the assessment of Dr. Healy, the consultative examiner.  As discussed above, the ALJ did not adequately address the medical opinion evidence.  This necessarily undermines the decision to discount Plaintiff's subjective complaints regarding his physical limitations.

This Court finds no error in the ALJ's consideration of Plaintiff's subjective complaints regarding his anxiety and depression.  The ALJ reasonably read the record, including the mental status examinations,

reports of activities of daily living, and assessment of Dr. Schaich as supportive of the conclusion that Plaintiff retained the RFC to perform work involving simple tasks, with few (if any) workplace changes.

### C.    Remand

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)).  Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

Here, the ALJ's assessment of Plaintiff's physical limitations is undermined by errors in the consideration of the medical opinion evidence and Plaintiff's subjective complaints.  The record before this Court, however, does not clearly establish that Plaintiff was disabled under the Social Security Act prior to the date of the ALJ's decision.  Reconsideration by the ALJ, potentially accompanied by further development of the record (e.g., re-contacting Dr. Healy to clarify the meaning of "moderate", re-

contacting Dr. Murthy to better understand his interpretation of the lab and function tests, testimony from a medical expert who has reviewed the entire record), is the appropriate remedy.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 18) is GRANTED; the Commissioner's Motion for Judgment on the Pleadings (Docket No. 21) is DENIED; and this case is REMANDED for further proceedings consistent with this Decision and Order. The Clerk is directed to enter final judgment and then close the file.


Dated: March 28, 2022                    *s/Gary R. Jones*
                                        GARY R. JONES
                                        United States Magistrate Judge