UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------
BIENVENIDO J. BLANCO,

                          Plaintiff,                          ORDER
                                                    1:20-CV-9270-GRJ
          v.

COMMISSIONER OF SOCIAL
SECURITY,

                          Defendant.
-----------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

        Pending before the Court is Plaintiff's Motion for Attorney's Fees

Under 42 U.S.C. § 406(b). (Docket No. 34.)  Plaintiff has also filed an

affirmation of Daniel Berger and a memorandum of law in support of the

motion. (Docket Nos. 35 & 36.)  The Commissioner has filed a response to

the motion, Docket No. 37, and therefore the motion is ripe for review.

        For the reasons discussed below Plaintiff's motion is due to be

granted.

## DISCUSSION

        On March 29, 2022, this Court remanded this case to the

Commissioner for further proceedings under Sentence 4 of 42 U.S.C. §

1

405(g). (Docket No. 25.) In a January 17, 2023, Notice of Award, the Social Security Administration (the "SSA") advised that Plaintiff was due benefits and that SSA had withheld $18,034.50 from Plaintiff's past due benefits.

An attorney, as here, who successfully represents a Social Security claimant in court may be awarded as part of the judgment "a reasonable fee ... not in excess of 25 percent of the ... past-due benefits" awarded to the claimant.[1]  The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits."[2]

Counsel for Plaintiff advises the Court he is requesting a net award of $18,034.50 for § 406(b)(1) fees based on a contingency fee agreement between Plaintiff and Daniel Berger, Plaintiff's counsel.

As required by *Gisbrecht v. Barnhardt*,[3] courts should approach contingent-fee determinations by first looking to the agreement between the attorney and the client, and then testing that agreement for reasonableness.  "A contingent-fee agreement is not *per se* reasonable.

---

[1] 42 U.S.C. § 406(b)(1)(A).

[2] *Id.*

[3] 535 U.S. 789, 808 (2002).

Deference should be given, however, to the 'freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate ... and of an attorney's willingness to take the case despite the risk of nonpayment.'" *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (citing *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). As such, when a court is called upon to assess the reasonableness of the award, a court should balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensated so that they continue to represent clients in disability benefits cases. *Gisbrecht*, 535 U.S. at 805.

In making this reasonableness determination, the *Gisbrecht* court highlighted several important factors including: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved"; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Id.* at 808.

3

The Second Circuit has identified three factors to be considered when assessing reasonableness and whether to approve the full amount requested under a contingency fee arrangement: (1) whether the amount requested exceeds the statutory twenty-five percent cap; (2) whether there was fraud or overreaching in the making of the agreement; and (3) whether the requested amount is so large as to be a windfall to the attorney. *Wells*, 907 F.2d at 372.

Applying the first two factors here, the January 17, 2023, Notice of Award advised Plaintiff: "We withheld $18,034.50 from your past due benefits in case we need to pay your representative." (Docket No. 35-4 at 5.) Plaintiff's counsel correspondingly requests $18,034.50 under Section 406(b), which is not greater than 25% of Plaintiff's past due benefits and is in line with the contingency-fee agreement between Plaintiff and Plaintiff's counsel. (Docket No. 35-1.) The Commissioner advises that he is not aware of any evidence of fraud or overreaching here.

Turning to the third factor, the Second Circuit recently clarified that a court should consider four factors in determining whether a requested Section 406(b) fee constitutes a windfall. *See Fields v. Kijakazi,* 24 F.4th 845 (2d Cir. 2022). First, a court should consider the ability and expertise of

4

the lawyers and whether they were particularly efficient, i.e., accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take longer to do. *Id.* at 854. Second, a court should consider the nature and length of the professional relationship with the claimant, including any representation at the agency level. *Id.* at 855. Consideration of the time spent and work performed at the agency level can inform a court of "'the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court.'" Id. (*citing Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005)). Third, a court should consider the satisfaction of the disabled claimant. *Id.* Fourth, a court should consider how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result. *Id.*

Here, Plaintiff's counsel expended 34.7 hours for services at the district court level. (Docket No. 35-2 at 6.)  The Commissioner points out that this amounts to a de facto hourly rate of $519.73 ($18,034.50 divided by 34.7 hours).  The task of this Court, however, is not to determine an appropriate hourly rate for a lodestar but is to ensure that the fee is not a windfall.  Indeed, *Gisbrecht* precludes this Court from relying exclusively on

the lodestar method. *Jeter v. Astrue*, 622 F.3d 371, 380 (5th Cir. 2010).   A

windfall instead connotes that counsel is receiving compensation to which

he is not entitled and that payment of the compensation would be unfair or

detrimental to the claimant.

There is no challenge to the character of Plaintiff's Counsel's

representation, and no deficiency is apparent from the record.  Plaintiff's

Counsel was diligent in prosecuting this appeal, filed comprehensive

briefing on complex issues, and achieved a reversal that eventually

resulted in an award of significant past due benefits to Plaintiff. Plaintiff's

Counsel employed his substantial experience in Social Security cases

while accepting the risk that he would not eventually be compensated for

the 34.7 hours expended on this case.  That risk is considered in light of

the risk inherent in contingency cases generally and in Social Security

appeals arising from the denial of benefits, such as this.  Although Plaintiff's

Counsel's de facto hourly rate of $519.73 is above the market rate for non-

contingency Social Security cases, other courts in this district have

approved fee awards for claimant's counsel that result in equivalent or greater hourly rates.[4]

Finally, although this Court previously awarded $7,493.80 in attorney's fees under the EAJA, Docket No. 32, the full amount was offset to pay a pre-existing debt owed by the Plaintiff. (Docket No. 35-3.) Because Plaintiff's counsel did not receive the $7,493.90 in EAJA fees, he is not required to refund that amount to Plaintiff. *See, Fellows v. Comm'r of Soc. Sec.,* 15-cv-3261, 2018 WL 5818097 (S.D.N.Y. September 18, 2018). Regardless, Plaintiff's counsel affirms that counsel will not seek a total fee in excess of 25% under any combined fee sought under 42 U.S.C. § 406(a) and § 406(b).

Therefore, having considered the character of Plaintiff's Counsel's representation, the award that was obtained, and the requested fees, the Court concludes that approval of the requested fees is reasonable and would not result in a windfall to Plaintiff's counsel.

_____

[4] *See, e.g.*, *Ackerman v. Comm'r of Soc. Sec.,* No. 13-cv-6675 (SDA), 2019 WL 5417210, at *2 (S.D.N.Y. Oct. 23, 2019) ("[T]he de facto hourly rate of $468.00 is reasonable."); *Valle v. Colvin*, No. 13-cv-2876, 2019 WL2118841, at *3-4 (S.D.N.Y. May 15, 2019) (approving de facto hourly rate of $1,079.72); *Nieves v. Colvin*, No. 13-cv-1439, 2017 WL 6596613, at *2 (S.D.N.Y. Dec. 26, 2017) ($1,009.11); *Torres v. Colvin*, No. 11-cv-5309, 2014 WL 909765, at *4 (S.D.N.Y. Mar. 6, 2014) ("[A] substantial body of caselaw has awarded rates that approach, if they do not exceed, $1,000.00.").

Accordingly, for these reasons, Plaintiff's Motion for Attorney's Fees Under 42 U.S.C. § 406(b), Docket No. 34, is **GRANTED** and § 406(b)(1) fees for Plaintiff's Counsel are approved in the sum of $18,034.50 to be paid out of the Plaintiff's past-due benefits currently being withheld by the Social Security Administration.

Dated: March 3, 2023          *s / Gary R. Jones*
                              GARY R. JONES
                              United States Magistrate Judge